RAMIRO MORALES, # 167947
LAURENCE NEAR, # 178507
MORALES FIERRO & REEVES
2151 Salvio Street, Suite 280
Concord, CA  94520
Telephone:  (925) 288-1776
Facsimile:  (925) 288-1856

Attorneys for Plaintiff ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE NO.:<br><br>COMPLAINT FOR EQUITABLE CONTRIBUTION |

Plaintiff ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS alleges as follows:

**PARTIES**

1.　Plaintiff Zurich American Insurance Company of Illinois ("Plaintiff or "Zurich") is an Illinois corporation with its principal place of business in Illinois.

2.　Defendant Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Arizona.

**JURISDICTION AND VENUE**

3.　This Court has jurisdiction under 28 U.S. C. § 1332 in that this matter is a civil dispute between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This matter concerns insurance coverage for the alleged acts and/or omissions that are the basis of the claims asserted in an underlying action which was litigated in the Superior Court of California, County of Sonoma. Accordingly, the subject matter arises within this judicial district. Venue thus lies with this Court because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**GENERAL ALLEGATIONS**

5. On July 17, 2015, Lynmar Winery, LLC filed an action in Sonoma County Superior Court styled *Lynmar Winery, LLC v. Wright Contracting, Inc. et al.*, Case No. SCV 257455 ("Underlying Action") alleging various construction defects causing physical damage in connection with the construction of the Lynmar Winery located at 3909 Frei Road, Sebastopol, Sonoma County, California (the "Winery").

6. Lynmar Winery entered into a prime contract with Wright Contracting for the construction of the Winery. Wright Contracting, in turn, entered into subcontracts with a number of parties for the construction.

7. Zurich issued commercial general liability policy no. GLO 4277290, effective January 1, 2005 to January 1, 2006, to Wright Contracting.

8. Scottsdale Insurance Company issued the following commercial general liability policies to Wright Contracting: policy no. BCS0011967, effective January 1, 2006 to January 1, 2007; BCS0014388, effective January 1, 2007 to January 1, 2008; BCS0016394, effective January 1, 2008 to January 1, 2009; BCS0018804, effective January 1, 2009 to January 1, 2010; BCS0021197, effective January 1, 2010 to January 1, 2011; BCS0023842, effective January 1, 2011 to November 1, 2012; BCS29011, effective November 1, 2012 to November 1, 2013; BCS0031055, effective November 1, 2013 to November 1, 2014;. and BCS0032458, effective November 1, 2014 to November 1, 2015.

9. Zurich agreed to, and did, defend Wright Contracting in the Underlying Action under a reservation of rights.

10. Scottsdale participated in the defense of Wright Contracting in the Underlying Action.

11.     During the course of the litigation of the Underlying Action, there were opportunities to settle that were squandered by Scottsdale because it failed to obtain the necessary settlement authority, thereby increasing the exposure to Wright Contracting.

12.     Also during the courses of the litigation of the Underlying Action, Scottsdale, which was on the risk for multiple years as it had multiple applicable policies, refused to agree to an equitable allocation of a settlement on behalf of Wright Contracting with Zurich, which was only on the risk for a single policy period.

13.     Desiring to remove Wright Contracting from harm's way, Zurich agreed to an allocation with Scottsdale as to funding of a settlement, but reserved its rights, including the right to seek reallocation.  Zurich thus contributed to a settlement on behalf of Wright Contracting that was far in excess of the amount it owed.  The amount Scottsdale owes Zurich is in excess of $75,000.

## FIRST CAUSE OF ACTION
(Equitable Contribution)

14.     Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the first cause of action are based.

15.     Scottsdale has an obligation to reimburse Plaintiff, on an equitable basis, sums it incurred to settle the Underlying Action on behalf of Wright Contracting.

16.     In settling the Underlying Action on behalf of Wright Contracting, Plaintiff has incurred sums in excess of its equitable share.

17.     Scottsdale failed to contribute its fair and equitable share towards settlement.  The amount due from Scottsdale for its fair and equitable share of the subject settlement will be determined according to proof at trial.

18.     Scottsdale is obligated under the principals of equity to reimburse Plaintiff, on an equitable basis, for sums it inequitably incurred in settling on behalf of Wright Contracting in the Underlying Action.

/ / /

/ / /

/ / /

COMPLAINT                                                                                                                    CASE NO.:

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

1. For damages against Scottsdale, under equitable contribution, for expenditures made by Plaintiff towards the settlement of Wright Contracting in the Underlying Action.

2. For attorney's fees;

3. For costs of suit;

4. For pre-judgment interest;

5. For all other relief the Court deems just and proper.

DATED: December 28, 2020                MORALES FIERRO & REEVES

                                        By  */s/ Ramiro Morales*
                                            RAMIRO MORALES
                                            LAURENCE NEAR
                                        Attorneys for Plaintiff ZURICH AMERICAN
                                        INSURANCE COMPANY OF ILLINOIS